[862 NYS2d 225]

In the Matter of STEFAN D. BERG, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, July 3, 2008

APPEARANCES OF COUNSEL

*Mary P. Gasparini, Senior Counsel, Fifth Judicial District Grievance Committee*, Syracuse, for petitioner.

*Emil M. Rossi*, Syracuse, for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the practice of law by this Court on June 25, 1992, and maintains an office for the practice of law in Syracuse. The Grievance Committee filed a petition charging respondent with acts of misconduct that included engaging in illegal conduct and conduct involving deceit. Respondent filed an answer admitting the material allegations of the petition, and he appeared before this Court and submitted matters in mitigation.

Respondent admits that, while employed as counsel for a company seeking bankruptcy relief pursuant to chapter 11, he agreed to represent the company's president, a client seeking bankruptcy relief pursuant to chapter 7. He also admits that he advised that client, during the pendency of the bankruptcy matter and with knowledge that the client had made certain guarantees in favor of a creditor, to transfer ownership of two parcels of real estate to the client's wife in exchange for nominal consideration. Respondent further admits that the transfer was not reported in the bankruptcy petition or disclosed to the bankruptcy trustee. Additionally, respondent admits that, during his representation of a client in a civil action for damages, he falsely notarized the signature of the client's former spouse, a codefendant in the action, on the verified answer. He further admits that he represented the same client in corporate and personal bankruptcy proceedings, that he represented both the client and the former spouse in a foreclosure proceeding and that, in a subsequent matrimonial action, he again represented the client. Finally, he admits with respect to that client that, in the matrimonial action, he made false statements in the complaint and in responsive motion papers.

Respondent further admits that, in a real estate transaction, he represented both the buyer and the seller. He admits that he charged the buyer for the payment of property taxes and penal-

ties, failed to pay the tax obligation in a prompt manner, and failed to explain the discrepancy between the final payoff figure for the taxes and the amount charged to the buyer, which exceeded the payoff figure.

In addition, respondent admits that he withdrew from representation during the pendency of an action involving the purchase of a franchise leaving the client without representation, and he admits that, in another matter involving the same client, he made misrepresentations involving the status of the matter. Respondent also admits that he neglected client matters, attempted to collect a legal fee from a client for individual rather than corporate representation and failed to cooperate with the investigation conducted by the Grievance Committee with respect to complaints filed by clients.

We conclude that respondent has violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (3) (22 NYCRR 1200.3 [a] [3])—engaging in illegal conduct that adversely reflects on his honesty, trustworthiness or fitness as a lawyer;

DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4])—engaging in conduct involving dishonesty, fraud, deceit or misrepresentation;

DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5])—engaging in conduct that is prejudicial to the administration of justice;

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on his fitness as a lawyer;

DR 2-106 (a) (22 NYCRR 1200.11 [a])—entering into an agreement for, charging or collecting an illegal or excessive fee;

DR 2-110 (a) (1) (22 NYCRR 1200.15 [a] [1])—withdrawing from employment in a proceeding before a tribunal without the permission of the tribunal, as required by the rules of the tribunal;

DR 2-110 (a) (2) (22 NYCRR 1200.15 [a] [2])—withdrawing from employment without taking steps to the extent reasonably practicable to avoid foreseeable prejudice to the rights of the client;

DR 5-105 (c) (22 NYCRR 1200.24 [c])—representing multiple clients with differing interests without disclosing the implications of the simultaneous representation and obtaining the consent of the clients to the representation;

DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3])—neglecting a legal matter entrusted to him;

DR 7-101 (a) (1) (22 NYCRR 1200.32 [a] [1])—intentionally failing to seek the lawful objectives of a client through reasonably available means permitted by law and the disciplinary rules;

DR 7-101 (a) (2) (22 NYCRR 1200.32 [a] [2])—intentionally failing to carry out a contract of employment entered into with a client for professional services;

DR 7-101 (a) (3) (22 NYCRR 1200.32 [a] [3])—intentionally prejudicing or damaging a client during the course of the professional relationship;

DR 7-102 (a) (3) (22 NYCRR 1200.33 [a] [3])—concealing or knowingly failing to disclose that which he is required by law to reveal in the representation of a client;

DR 7-102 (a) (4) (22 NYCRR 1200.33 [a] [4])—knowingly using false evidence in the representation of a client;

DR 7-102 (a) (5) (22 NYCRR 1200.33 [a] [5])—knowingly making a false statement of law or fact in the representation of a client;

DR 7-102 (a) (7) (22 NYCRR 1200.33 [a] [7])—counseling or assisting a client in conduct that he knows to be illegal or fraudulent;

DR 9-102 (b) (4) (22 NYCRR 1200.46 [b] [4])—failing to maintain client funds in a special account; and

DR 9-102 (d) (1) (22 NYCRR 1200.46 [d] [1])—failing to maintain required records of bank accounts.

We have considered the matters submitted by respondent in mitigation, including that he has hired an additional staff member to assist him and has implemented changes in his office procedures in order to prevent a recurrence of the misconduct. Additionally, we have considered that, at the time of the misconduct, respondent suffered from depression and anxiety, for which he has now sought treatment. Respondent, however, has committed serious misconduct, and he has a disciplinary history. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be suspended for one year and until further order of the Court.

HURLBUTT, J.P., SMITH, CENTRA, PERADOTTO and GORSKI, JJ., concur.

Order of suspension entered.