[942 NYS2d 840]

In the Matter of STEFAN D. BERG, an Attorney, Respondent.
GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT,
Petitioner.

Fourth Department, April 20, 2012

## APPEARANCES OF COUNSEL

*Mary E. Gasparini, Associate Counsel, Fifth Judicial District Grievance Committee*, Syracuse, for petitioner.

*Thomas J. Miller*, Syracuse, for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on June 25, 1992, and maintains an office in Syracuse. The Grievance Committee filed a petition charging respondent with misconduct including representing clients with differing interests and improperly contacting a party who was represented by counsel. Respondent filed an answer admitting the material allegations of the petition and he thereafter appeared before this Court and submitted matters in mitigation.

Respondent admitted that, in June 2011, he was retained by a client who was the subject of criminal charges arising from a domestic dispute. The alleged victim also faced criminal charges in relation to the incident and was represented by separate counsel. In addition to the criminal charges, temporary orders of protection had been issued in favor of both respondent's client and the alleged victim as against the other party.

After being retained, respondent simultaneously met with his client and the alleged victim at his office, at which time they informed respondent that they wanted to live together despite the orders of protection. Respondent advised the alleged victim to consult with her attorney, and respondent thereafter contacted that attorney seeking to resolve the matter. From July through September 2011, despite knowing that the alleged victim was represented by separate counsel, respondent on several occasions without notice to the alleged victim's counsel spoke directly with her regarding the substance of the pending criminal matters and, on at least two occasions, simultaneously met with his client and the alleged victim to discuss the matters.

In September 2011, respondent met with both parties at his office and drafted an affidavit for each of them wherein each stated that they were living together and intended to marry. After the parties executed the affidavits, respondent forwarded them to the prosecutor in an effort to resolve the criminal matters. The prosecutor raised to the judge presiding over the matters the issue of respondent's conflict of interest and, after the parties appeared before the judge, respondent withdrew from representing the alleged victim.

We conclude that respondent has violated the following Rules of Professional Conduct:

rule 1.1 (b) (22 NYCRR 1200.0)—handling a legal matter that he knows or should know that he is not competent to handle;

rule 1.7 (a) (1) (22 NYCRR 1200.0)—representing multiple clients with differing interests without disclosing the implications of the simultaneous representation and obtaining from each affected client informed consent to the representation, confirmed in writing;

rule 4.2 (a) (22 NYCRR 1200.0)—communicating during the course of the representation of a client about the subject of the representation with a party the lawyer knows to be represented by a lawyer in the matter; and

rule 8.4 (h) (22 NYCRR 1200.0)—engaging in conduct that adversely reflects on his fitness as a lawyer.

We have considered, in determining an appropriate sanction, respondent's submissions in mitigation, including his statements that he has engaged a mentor attorney to assist him in monitoring his law practice and that he has sought treatment with a psychologist in an effort to avoid future misconduct. We have additionally considered, however, respondent's extensive disciplinary history, which includes a letter of admonition, five letters of caution and a prior suspension for serious misconduct (*Matter of Berg*, 54 AD3d 66 [2008]). We have further considered respondent's prior representations to this Court, made in response to previous allegations of misconduct, that he intended to avoid future misconduct by engaging a mentor attorney to assist him in monitoring his practice and by seeking mental health treatment. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be suspended from the practice of law for a period of six months and until further order of the Court.

SCUDDER, P.J., PERADOTTO, LINDLEY and MARTOCHE, JJ., concur.

Order of suspension entered.