[51 NYS3d 762]

In the Matter of STEFAN D. BERG, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, March 31, 2017

## APPEARANCES OF COUNSEL

*Mary E. Gasparini, Principal Counsel, Fifth Judicial District Grievance Committee*, Syracuse, for petitioner.
*Stewart L. Weisman*, Manlius, for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on June 25, 1992, and formerly maintained an office in Syracuse. By order entered April 20, 2012 (96 AD3d 50 [2012]), this Court suspended respondent from the practice of law for a period of six months and until further order of the Court for professional misconduct including representing differing interests in a criminal matter and communicating with a party whom he knew was represented by counsel in the matter. Respondent remains suspended pursuant to that order.

In March 2013, the Grievance Committee filed a petition alleging five charges of misconduct against respondent, including neglecting client matters, engaging in conduct involving dishonesty and deceit, and violating this Court's April 2012 order of suspension by holding himself out as an attorney and engaging in the practice of law. Respondent filed an answer denying material allegations of the petition, and this Court appointed a referee to conduct a hearing. Prior to the hearing, however, the parties executed a stipulation resolving all factual issues concerning the allegations of misconduct. The Referee thereafter heard evidence in mitigation and filed a report sustaining the charges, which the Grievance Committee moves to confirm. In response to the motion, respondent submits matters in mitigation, and he appeared before this Court and was heard in mitigation.

With respect to charge one, respondent admits that, after he was personally served with the order of suspension of this Court in April 2012, he failed to notify certain clients and opposing counsel that he had been suspended and took action on behalf of clients whose matters were pending at the time he was suspended, including mailing requests for discovery to opposing counsel, finalizing the terms of a settlement, and receiving and disbursing funds belonging to a client. Respondent also

admits that, in December 2012, he agreed to represent two individuals in a real property tax matter in which he prepared and filed deeds for certain real property located in Onondaga County. Respondent admits that he subsequently sent to one of those individuals correspondence identifying himself as an attorney and requesting payment for fees and costs in the total amount of $685. Respondent further admits that, in January 2013, he contacted the Department of Assessment for the City of Syracuse to inquire about the status of the tax assessment for the property and the accuracy of one of the deeds he had prepared for the property.

With respect to charge two, respondent admits that, in October 2011, he agreed to represent an individual who was seeking to enforce a money judgment that she had obtained against her former employer. Respondent admits that, from November 2011 through April 2012, he failed to contact the client or to take action to enforce the judgment. Respondent further admits that, although he subsequently prepared information subpoenas directed to the judgment debtors, he did not seek to serve the subpoenas until three days after entry of the aforementioned April 2012 order of suspension.

Charge three relates to the real property tax matter referenced in charge one. Respondent admits that, in December 2012, he failed to respond to several inquiries from the clients about the status of the matter and subsequently sent to the Department of Assessment a letter on which respondent had signed the name of one of the clients without permission or authority to do so.

Although respondent submits in mitigation that the alleged misconduct occurred while he was suffering from mental health issues, which caused him to act impulsively and to disregard potential consequences of his actions, the Referee found that the medical proof and respondent's testimony at the hearing did not support respondent's position.

We confirm the factual findings of the Referee and conclude that respondent has violated the following Rules of Professional Conduct (22 NYCRR 1200.0):

rule 1.3 (a)—failing to act with reasonable diligence and promptness in representing a client;

rule 1.3 (b)—neglecting a legal matter entrusted to him;

rule 1.4 (a) (4)—failing to comply in a prompt manner with a client's reasonable requests for information;

rule 8.4 (c)—engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation;

rule 8.4 (d)—engaging in conduct that is prejudicial to the administration of justice; and

rule 8.4 (h)—engaging in conduct that adversely reflects on his fitness as a lawyer.

We decline to confirm, however, the Referee's advisory determinations sustaining charges four and five. In our view, the disciplinary rule violations alleged in charge four are not supported by the record and, with respect to charge five, this Court has previously held that allegations that a respondent has engaged in a course of conduct similar to conduct for which he has already been disciplined "are more appropriately considered as a potential aggravating factor . . . rather than as a separate charge of misconduct" (*Matter of Ohl*, 107 AD3d 106, 110 [2013]; *see Matter of Horton*, 115 AD3d 193, 196 [2014]).

In determining an appropriate sanction, we have considered that respondent has an extensive disciplinary history that includes five letters of caution and a letter of admonition issued by the Grievance Committee and two orders of suspension imposed by this Court (96 AD3d at 50; 54 AD3d 66 [2008]). We have further considered that respondent submits matters in mitigation that are similar to those he has previously submitted to this Court in response to prior allegations of misconduct. Finally, we have considered that the misconduct herein involves a lengthy course of conduct in direct violation of this Court's April 2012 order of suspension. Accordingly, based upon all the factors in this matter, we conclude that respondent should be disbarred.

PERADOTTO, J.P., LINDLEY, CURRAN and SCUDDER, JJ., concur.

Order of disbarment entered.