Matter of Cote (2019 NY Slip Op 02256)





Matter of Cote


2019 NY Slip Op 02256


Decided on March 22, 2019


Appellate Division, Fourth Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ. (Filed Mar. 22, 2019.)


&em;

[*1]MATTER OF JOSEPH S. COTE, III, AN ATTORNEY, RESPONDENT. GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT, PETITIONER.



OPINION AND ORDER
Order entered suspending respondent for a period of one year, with the suspension stayed upon the terms and conditions set forth in the order.
Per Curiam
Opinion: Respondent was admitted to the practice of law by this Court on January 14, 1988, and maintains an office in Syracuse. In 2018, the Grievance Committee filed a petition and supplemental petition alleging against respondent a total of five charges of misconduct, including neglecting client matters, engaging in sanctionable conduct in federal court, and failing to cooperate in the investigation of the Grievance Committee. Respondent responded to the charges by admitting material allegations of the petition and supplemental petition, and the parties thereafter confirmed to this Court that the pleadings raise no issue of fact warranting a hearing. Respondent has submitted written materials in mitigation of the charges and has appeared before this Court to be heard in mitigation.
With respect to charge one of the petition, respondent admits that, in 2008, his law firm agreed to represent a client on certain medical malpractice claims, and respondent assumed primary responsibility for the matter. In 2010, respondent commenced a civil action on behalf of the client in Supreme Court, Oneida County, and the parties thereafter engaged in depositions and other discovery. Respondent admits that, in December 2015, he filed a note of issue certifying that the case was ready for trial. In March 2016, Supreme Court held a case conference during which it imposed a deadline for submission of the client's expert witness statement, and respondent admits that he subsequently failed to submit the statement on or before the deadline. In November 2016, the defendants in the action moved for summary judgment dismissing the complaint, and respondent admits that he failed to file papers in response to the motions. Although respondent thereafter requested that Supreme Court adjourn the return date of the motions to afford respondent additional time to obtain an affidavit from the client's treating physician, Supreme Court denied that request, citing the age of the case, the time that had elapsed since the note of issue had been filed, and the fact that trial was scheduled to commence in January 2017. Supreme Court thereafter granted summary judgment to defendants, noting that the case had been delayed by the inaction of respondent and his law firm, including their failure to meet court-imposed deadlines for expert disclosure.
With respect to charge two of the petition, respondent admits that, in 2011, his law firm agreed to represent a client on certain medical malpractice claims, and respondent assumed primary responsibility for the matter. In 2012, respondent commenced a civil action on behalf of the client, but the client thereafter filed for bankruptcy relief in federal court. Respondent admits that the bankruptcy trustee subsequently requested that respondent's law firm provide certain information and documentation concerning the civil action to support a motion in Bankruptcy Court for an order appointing respondent's law firm as special counsel to the trustee for purposes of the civil action. Respondent admits that, from January through August 2017, he and his law partner failed to provide the requested information and documentation to the bankruptcy trustee, which prompted Bankruptcy Court to enter an order directing respondent and his law firm to turn over the client file to the trustee. Respondent admits that he failed to comply with that order and, in October 2017, the trustee filed a motion requesting that Bankruptcy Court impose sanctions against respondent and his law firm. Respondent admits that he and his law partner failed to file papers in response to that motion or to appear before Bankruptcy Court on the return date thereof. Respondent admits, however, that his law partner subsequently submitted to Bankruptcy Court an affirmation stating that respondent had previously instructed his legal secretary to deliver the client's file to the trustee, but the secretary had failed to do so. Respondent admits that, in December 2017, Bankruptcy Court granted the trustee's motion and assessed monetary sanctions in the amount of $3,000, collectively, against respondent, his law partner, and his law firm.
With respect to charge three of the petition, respondent admits that, in May and June 2017, he failed to respond in a timely manner to inquiries from the Grievance Committee concerning certain allegations of professional misconduct that were pending against him.
With respect to charge four of the petition, the Grievance Committee alleges that respondent's conduct at issue in this matter and the fact that he has previously received from the Grievance Committee four non-disciplinary letters of caution constitute a "course of conduct" that adversely reflects on his fitness as a lawyer.
With respect to the sole charge of the supplemental petition, respondent admits that, in April 2016, he met with a prospective client whose husband had died after receiving medical treatment for an abdominal infection. Respondent admits that, during that initial meeting, he advised the prospective client that he was capable of representing her in her capacity as legal representative of the deceased husband's estate on claims sounding in wrongful death and medical malpractice. Respondent instructed the prospective client to obtain various medical records for respondent's review and use in pursuing the claims. Respondent admits that, by August 2016, he had received the requested medical records from the prospective client and, in late August 2016, respondent agreed to pursue certain claims on a contingency fee basis. Respondent admits, however, that he did not provide the client with a writing stating the method by which his fee was to be determined. Respondent further admits that he thereafter failed to take any further action on behalf of the client or to advise the client that he was not pursuing any claims on her behalf or on behalf of the estate. Respondent admits that the relevant statute of limitations for the anticipated claims of the husband's estate expired in December 2017, after which the client demanded that respondent return all of her file materials. Respondent admits that he returned those materials to the client without advising her that the relevant limitations period had expired or that respondent may be civilly liable for failing to pursue the claims.
We find respondent guilty of professional misconduct and conclude that he has violated the following Rules of Professional Conduct (22 NYCRR 1200.0):
rule 1.3 (a)—failing to act with reasonable diligence and promptness in representing a client;
rule 1.3 (b)—neglecting a legal matter entrusted to him;
rule 1.4 (a) (3)—failing to keep a client reasonably informed about the status of a matter;
rule 1.5 (c)—failing to provide a client with a writing stating the method by which the fee is to be determined in a prompt manner after being employed in a contingent fee matter;
rule 5.3—failing to supervise adequately the work of a nonlawyer who works for the lawyer;
rule 8.4 (d)—engaging in conduct that is prejudicial to the administration of justice; and
rule 8.4 (h)—engaging in conduct that adversely reflects on his fitness as a lawyer.
We decline, however, to sustain charge four of the petition. As this Court has previously held, allegations that a respondent has engaged in a course of conduct based in part on conduct that has been addressed in prior disciplinary proceedings are more appropriately considered as a potential aggravating factor, rather than as a separate charge of professional misconduct (see Matter of Berg, 150 AD3d 9, 12 [4th Dept 2017]; Matter of Horton, 115 AD3d 193, 196 [4th Dept 2014]; Matter of Ohl, 107 AD3d 106, 110 [4th Dept 2013]).
In determining an appropriate sanction, we have considered respondent's submissions in mitigation, including his expression of remorse and statement that the misconduct occurred at a time when he was overwhelmed by a busy case load, law office staffing problems, and family difficulties. We have also considered his statement that he has since reduced his case load and hired an associate attorney and a legal secretary to assist with law office scheduling, billing, and communications with clients. We have further considered that respondent has enrolled in an attorney mentoring program administered by the Oneida County Bar Association whereby a mentor attorney has agreed to evaluate respondent's law practice and to make recommendations to improve respondent's law practice management. We have additionally considered, however, certain factors in aggravation of the misconduct, including that certain of the aforementioned letters of caution issued by the Grievance Committee concerned allegations similar to those underlying the instant charges and that the misconduct herein occurred over an extended period of time and caused substantial harm or prejudice to the affected clients. Accordingly, after consideration of all the factors in this matter, we conclude that respondent should be suspended from the practice of law for a period of one year and until further order of the Court. We direct, however, that the period of suspension be stayed on condition that respondent comply with the statutes and rules regulating attorney conduct and that he not become the subject of any further disciplinary investigation or proceeding or sanctions proceeding before any tribunal. In addition, [*2]respondent shall, during the period of suspension, submit to the Grievance Committee quarterly reports from the mentor attorney confirming that respondent is continuing to participate in the attorney mentoring program and implementing all recommendations that have been made by the mentor attorney. Any failure of respondent to meet the aforementioned conditions shall be reported to this Court by the Grievance Committee, whereupon the Grievance Committee may move this Court to vacate the stay of the suspension.