Matter of Fix (2022 NY Slip Op 02928)

Matter of Fix

2022 NY Slip Op 02928

Decided on April 29, 2022

Appellate Division, Fourth Department

Per Curiam

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 29, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, NEMOYER, AND WINSLOW, JJ. (Filed Apr. 29, 2022.) 

&em;

[*1]MATTER OF ROBERT H. FIX, AN ATTORNEY, RESPONDENT. GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT, PETITIONER.

OPINION AND ORDER
Per Curiam
Opinion: Order of censure entered. Respondent was admitted to the practice of law by this Court on June 27, 1991. During the time period relevant to this matter, respondent maintained offices for the practice of law in Oswego and DeWitt. In July 2020, the Grievance Committee filed a petition alleging against respondent two charges of professional misconduct, including neglecting a client matter and failing to keep a client informed about a matter. Respondent filed an answer denying material allegations of the petition, and this Court appointed a referee to conduct a hearing. Prior to the hearing, however, the parties filed a joint motion for discipline on consent wherein respondent conditionally admits that he has engaged in certain acts of professional misconduct and the parties request that the Court enter a final order imposing the sanction of public censure.
With respect to charge one, respondent conditionally admits that, in April 2018, he was assigned to represent a client in a criminal matter, after which the client entered into a plea agreement and was sentenced to incarceration for a period of nine years. Respondent admits that, although the client requested that respondent file a notice of appeal, respondent ignored several subsequent inquiries from the client regarding the status of the appeal. In November 2018, the client filed a grievance complaint against respondent, and respondent admits that, in response to inquiries from the Grievance Committee, he contended that the client had waived his right to appeal. Respondent also admits that, during a meeting with grievance counsel in early April 2019, he stated his intention to file on behalf of the client a motion for permission to file a late appeal inasmuch as the client's deadline to file such a motion had not expired. Respondent admits that he thereafter filed the motion approximately 10 days after the deadline, but the motion was rejected because he failed to include required documents in the motion papers. Respondent admits that, although he attempted to refile the motion shortly thereafter, the submission was rejected as untimely. Finally, respondent admits that he failed to advise the client that the motion had been rejected.
With respect to charge two, respondent conditionally admits that, between 2003 and 2017, he was the subject of at least three grievance matters that arose from his alleged neglect of client matters and failure to communicate with clients, which resulted in the Grievance Committee issuing to respondent a confidential letter of caution or admonition. Respondent admits that his continued neglect of client matters and failure to communicate with clients constitute conduct that adversely reflects on his fitness as an attorney.
Motions for discipline by consent are governed by section 1240.8 (a) (5) of the Rules for Attorney Disciplinary Matters (22 NYCRR), which provides that, at any time after a petition is filed with this Court alleging professional misconduct against an attorney, the parties may file a joint motion requesting the imposition of discipline by consent. Such a motion must include a stipulation of facts, the respondent's conditional admission of acts of professional misconduct and specific rules or standards of conduct violated, any relevant aggravating and mitigating factors, and an agreed-upon sanction (see 22 NYCRR 1240.8 [a] [5] [i]). If the motion is granted, the Court must issue a decision imposing discipline upon the respondent based on the stipulated facts and as agreed upon in the joint motion. If the Court denies the motion, the respondent's conditional admissions are deemed withdrawn and may not be used in the pending proceeding (see 22 NYCRR 1240.8 [a] [5] [iv]).
In this case, we grant the joint motion of the parties and conclude that respondent's admissions establish that he has violated the following Rules of Professional Conduct (22 NYCRR 1200.0):
rule 1.1 (c) (2)—intentionally prejudicing or damaging a client during the course of a representation;
rule 1.3 (a)—failing to act with reasonable diligence and promptness in representing a [*2]client;
rule 1.3 (b)—neglecting a legal matter entrusted to him;
rule 1.4 (a) (3)—failing to keep a client reasonably informed about the status of a matter;
rule 1.4 (a) (4)—failing to comply in a prompt manner with a client's reasonable requests for information; and
rule 8.4 (d)—engaging in conduct that is prejudicial to the administration of justice.
Although we are granting the parties' joint motion and imposing the sanction requested therein, we nonetheless decline to sustain charge two. This Court has repeatedly held that "allegations that a respondent has engaged in a course of conduct based in part on conduct that has been addressed in prior disciplinary proceedings are more appropriately considered as a potential aggravating factor, rather than as a separate charge of professional misconduct" (Matter of Cote, 171 AD3d 167, 171 [4th Dept 2019], see Matter of Berg, 150 AD3d 9, 12 [4th Dept 2017]; Matter of Horton, 115 AD3d 193, 196 [4th Dept 2014]; Matter of Ohl, 107 AD3d 106, 110 [4th Dept 2013]). Thus, in imposing the sanction requested by the parties on the instant motion, we have considered respondent's admitted grievance history as an aggravating factor. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be censured.